TRIMBEY v. CENTRAL NEW YORK TELEPHONE & TELEGRAPH CO.

(Supreme Court, Appellate Division, Fourth Department. November 15, 1910.)

1. MASTER AND SERVANT (§ 129*)—INJURIES—PROXIMATE CAUSE.

Plaintiff was injured by the limb, which he was sawing, swinging around and striking and breaking the telegraph pole, upon which he was standing with one foot, having the other on the tree, while sawing the limb. The pole was not noticeably defective outside, but had a defect inside discoverable only on inspection, and was strong enough to support plaintiff while standing on it in sawing; and a ladder, if one had been used to stand on, instead of the pole, would also have been broken by the falling limb. Held, that neither the failure to furnish a ladder for plaintiff to stand on, instead of the telegraph pole, nor the failure to inspect the pole before he stood on it, was the proximate cause of his injury.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 257–263; Dec. Dig. § 129.*]

2. MASTER AND SERVANT (§ 124*)—MASTER'S DUTY—INSPECTION OF PLACE OF WORK.

An employer was not bound to inspect the telegraph pole, on which an employé stood while sawing a limb from a tree, to determine whether the pole would withstand a blow from the limb, should it swing around from the opposite side of the tree and strike the pole.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 235–242; Dec. Dig. § 124.*]

Appeal from Trial Term, Oneida County.

Action by Fred C. Trimbey against the Central New York Telephone & Telegraph Company. From a judgment for plaintiff, and an order denying a motion for new trial, defendant appeals. Reversed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Miller & Fincke and James F. Hubbell, for appellant.

Higbee & Lay, for respondent.

WILLIAMS, J. The judgment and order should be reversed, and a new trial granted, with costs to appellant to abide event.

The action was for negligence. Several of defendant's employés were engaged in cutting limbs from a tree. The plaintiff was up in the tree, standing with one foot on the tree and the other on a pole

near by.  When the limb was so far severed as to permit it to fall down, it swung around, struck the pole, broke it, and caused the plaintiff to fall to the ground and to suffer injury.  The pole did not belong to the defendant.  It was at the time out of use as a telegraph or telephone pole.  Instead of using a ladder to go up into the tree, and to put one foot upon while sawing off the limb, plaintiff went up the pole, which had steps upon it, and was as convenient to ascend as a ladder.  The pole was defective inside; but the defect was not noticeable outside, and could only have been discovered by inspection. It was strong enough to support the plaintiff while climbing it, and standing upon it in sawing.  It broke, not because of plaintiff's weight, but because the limb, 6 or 7 feet long and 16 inches through, struck it in falling.  Apparently a ladder would have been broken or knocked down, the same as the pole was, if a ladder had been used, instead of the pole.

The acts of negligence submitted to the jury were the failure to furnish a ladder and a failure to inspect the pole; and the recovery must be upheld, if at all, upon these grounds.  There were ropes attached to the limb, which were operated by the men on the ground.  When the branch was nearly severed, the plaintiff stopped sawing, and the men on the ground, by means of the ropes, pulled the branch down. I am unable to see how the failure to have a ladder to use at the time was the cause of the accident.  There was a ladder there at one time; but the pole seemed to be regarded as better to use, under the circumstances, than a ladder.  It served every use that a ladder would have served, without any accident or injury.  The jury was not justified in concluding that the accident would have been avoided by the use of a ladder, rather than the pole.  The limb was heavy, and would have disturbed the ladder, so as to throw the plaintiff down, just as readily as it did the pole.  The trouble was not in the use of the pole, rather than a ladder, to rest a foot upon.  It was unsafe for the plaintiff to rest his foot on either a pole or a ladder, when the limb was being pulled down with the ropes.  He should have stood entirely upon the tree, or, if he could not do that, he should have come down to the ground before the limb was pulled down.  Nor was a failure to make an inspection of the pole the cause of the accident.  It was sound, as it appeared upon a casual view of it, and it was only used in place of a ladder anyway.  It served that purpose fully, and stood up under plaintiff's weight in going up into the tree and while sawing the limb. There was no duty to inspect it, in order to determine whether it would stand the blow from the heavy limb, if it should swing around, as it did, from the opposite side of the tree, and strike it.

These are the only two grounds of negligence submitted to the jury, and neither of them were a sufficient basis for charging the defendant with liability for the accident in question.  The judgment and order should be reversed, therefore, upon the ground that no negligence of defendant was established, causing the accident and injury.

I do not deem it necessary to consider the other questions raised on the appeal.

Judgment and order reversed, and new trial ordered, with costs to appellant to abide event.  All concur.